UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Rosemary D. Pierce</u>

    v.                                          Case No. 22-cv-147-JL

<u>Concord, New Hampshire Police Dep't</u>
<u>Salem, Massachusetts Police Dep't</u>

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Rosemary D. Pierce, appearing pro se, sued the Salem, Massachusetts and Concord, New Hampshire Police Departments.  <u>See</u> Compl. (Doc. No. 1).  On July 7, 2022, the court granted Ms. Pierce 30 days to amend her complaint to include additional facts in support of her claims.  (Doc. No. 3).  Ms. Pierce subsequently filed a "motion for trial" (Doc. No. 4), which the court construes as an addendum to her complaint.  Ms. Pierce's complaint and addendum are before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).

**<u>Preliminary Review Standard</u>**

The magistrate judge conducts a preliminary review of pleadings, like Ms. Pierce's, which are filed in forma pauperis. <u>See</u> LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a

claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

A. Salem Police Department

Ms. Pierce's sole allegation against the Salem, Massachusetts Police Department is that it inadequately investigated the 2005 death of Ms. Pierce's father. Compl. (Doc. No. 1) at 1.[1] There is no cause of action for the failure to investigate a crime, as there is no federal constitutional right to have criminal wrongdoers investigated or brought to justice. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly,

---

[1] In her addendum, Ms. Pierce also asserts that she "needs transportation getting to" the court in Salem, Massachusetts. This assertion does not form the basis of any legal relief.

2

the district judge should dismiss Ms. Pierce's claim against the Salem, Massachusetts Police Department.

B. <u>Concord Police Department</u>

Although her Complaint is often difficult to follow, Ms. Pierce alleges that she has received a "summons from [the] Concord Police." Compl. (Doc. No.1) at 3. She further asserts that the Concord Police have failed to follow up on her complaint that she was run over in 2021, resulting in injuries and hospitalization. Addendum (Doc. No 4) at 1.

## Discussion

Construing the complaint and addendum liberally, the court finds that Ms. Pierce is asserting a claim for false arrest, or perhaps malicious prosecution, in violation of her rights under the Fourth Amendment. 42 U.S.C. § 1983 creates a cause of action against those who, while acting under color of state law, violate federal constitutional or statutory provisions. See Gray v. Cummings, 917 F.3d 1, 7-8 (1st Cir. 2019) (citing 42 U.S.C. § 1983).

<u>Malicious Prosecution</u>

To succeed on a Fourth Amendment malicious prosecution claim, Ms. Pierce must prove that police officers "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Hernandez-Cuevas v. Taylor,

3

723 F.3d 91, 101 (1st Cir. 2013) (citation omitted). To demonstrate liability for a § 1983 malicious prosecution claim against the City of Concord, plaintiff must also show that the "moving force" behind the asserted violation of her Fourth Amendment rights was a town "policy or custom . . . made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

False Arrest

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures.'" Manuel v. City of Joliet, 137 S. Ct. 911, 917 (2017). "[T]he general rule [is] that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." Bailey v. United States, 568 U.S. 186, 192 (2013). A police officer has probable cause when, at the time of the arrest, the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009). Thus, to properly assert a claim for false arrest, Ms. Pierce must allege facts which show that the arresting officer lacked probable

cause to believe that she, at the time of an arrest, had committed a crime, was committing a crime or was about to commit a crime. See Jordan v. Town of Waldoboro, 943 F.3d 532, 545 (1st Cir. 2019).

Even liberally construing the complaint, see Erickson, 551 U.S. at 94, the court cannot find that Ms. Pierce has stated the minimum facts necessary for her claims to proceed. Indeed, there are no facts within the complaint or addendum that tend to show she was the victim of any prosecution or arrest. And any claim that the Concord Police should have conducted a criminal investigation is foreclosed for the same reason that such a claim cannot proceed against the Salem Police Department.

Accordingly, the district judge should dismiss Ms. Pierce's claims against the Concord, New Hampshire Police Department.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety, for failure to state a claim upon which relief can be granted. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554,

564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                 _/s/ Andrea K. Johnstone_
                                                 Andrea K. Johnstone
                                                 United States Magistrate Judge

July 19, 2022

cc: Rosemary D. Pierce, pro se